

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

CSK
F.#2005R00279                                    *One Pierrepont Plaza*
                                                 *Brooklyn, New York  11201*

                         *Mailing Address:*   *147 Pierrepont Street*
                                              *Brooklyn, New York  11201*

July 18, 2011

<u>BY ECF</u>

Honorable Steven M. Gold
Chief United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, N.Y. 11201

    Re:    United States v. Cecilia Chang
           <u>Criminal Docket No. 11-067 (SJ)(SMG)</u>

Dear Chief Magistrate Judge Gold:

       The government submits this letter to dispel one confusion in the defendant's July 15, 2011 letter to the Court ("Def Let") in further support of the defendant's motion to dismiss.  In Def Let at 3-4, the defendant sets forth an interpretation of the government's bill of particulars ("BOP") that is mistaken and the government writes solely to ensure that the Court does not misinterpret the BOP in the same way that the defendant does.

       In the BOP at Ex. 2, the government sets forth a list, broken down by semester, of each student who, during that semester, was an object of the defendant's Count One solicitation of bribery charge (a "Count One Student") and each student who, during that semester, was an object or victim of the defendant's Count Two Forced Labor charge (a "Count Two Student").  As seen from BOP at Ex. 2, during each semester every Count Two Student was also a Count One Student, but not every Count One Student was also a Count Two Student.  The defendant interprets the BOP to mean that those students who were Count One Students, but not also Count Two Students ("Count One Only Students"), were students whom the defendant solicited to perform menial labor in exchange for scholarships but who refused to do so, whereas those students who were both Count One and Count Two Students were students who actually performed the menial labor that the

2

defendant demanded in exchange for the scholarships.  See Def Let at 3-4.

In other words, the defendant understands the government, in its BOP, to be identifying the students who were the objects of her forced labor crime as those students who actually performed the labor the defendant demanded of them, whereas, she understands the government to be identifying as the Count One Only Students, those students who refused to perform the labor she demanded.  Since, as the BOP shows, some of the Count One Only Students continued to receive scholarships from semester to semester, she concludes from her understanding of the BOP that the defendant continued to award scholarships to persons who refused to comply with her demands.  Thus, the defendant concludes from her interpretation of the BOP that her demands for labor were not coercive, as required by Section 1589, because students who ignored her demands continued to receive scholarships anyway.  See Def Let at 3-4.  However, the defendant's interpretation of the BOP is mistaken and the conclusion she reaches based upon her mistaken interpretation is the exact opposite of the conclusion that the defendant would have reached if she had correctly interpreted the BOP.

All of the students identified in the BOP, including the Count One Only Students, actually performed the labor that the defendant demanded.  If they had not, the defendant would not have continued their scholarships.  Thus, the government did not identify as Count Two Students all of the students who performed the labor the defendant demanded, as the defendant mistakenly believes.  The government identified as Count Two Students in the BOP those students for whom it has evidence, beyond the evidence it has with respect to the Count One Only Students, on the basis of which it will prove at the coercion required by Section 1589.  That is, the government will present evidence at trial with respect to the Count Two Students, that the defendant intended to cause the Count Two Students to believe that they were compelled to perform the labor the defendant demanded and that the Count Two Students, based upon an objective assessment of their circumstances and background, felt compelled to perform that labor to avoid the harm that the defendant threatened.  The government cannot be required, either in the indictment or in a bill of particulars, to disclose its evidence.  Nonetheless, the Court must accept that the Count Two Students were compelled, because the indictment alleges that they were, and because the Court must, on a motion to dismiss, accept the facts alleged in a facially valid indictment as true.

3

      Thus, a correct understanding of the government's BOP leads to the exact opposite conclusion from the one that the defendant reached based upon her mistaken interpretation. That is, it follows from a correct interpretation of the BOP that the defendant's motion to dismiss Count Two on the grounds that the Count Two Students were not coerced must be denied.

      Respectfully submitted,

      LORETTA E. LYNCH
      United States Attorney

By: _____
      Charles S. Kleinberg
      Assistant U.S. Attorney
      (718) 254-6012