CK:CSK
F.#2008R01875

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ AUG 12 2011 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    - against -

CECILIA CHANG,

        Defendant.

S U P E R S E D I N G
I N D I C T M E N T

Cr. No. 11-0067 (S-1)(SJ)
(T. 18, U.S.C.,
§§ 666(a)(1)(B),
981(a)(1)(C), 1589(a),
1589(d), 1594(d)(1),
1594(d)(2), 2 and 3551 et
seq.; T. 21, U.S.C., §
853(p); T. 26, U.S.C., §§
7206(1) and 7212(a); T. 28,
U.S.C., § 2461(c))

- - - - - - - - - - - - - - - - X

THE GRAND JURY CHARGES:

## COUNT ONE
(Solicitation of Bribes)

1. In or about and between September 2007 and September 2010, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant CECILIA CHANG, being an agent of an organization, to wit: St. John's University ("St. John's"), which organization received in excess of $10,000 under one or more federal programs involving grants, contracts and other forms of federal assistance, in one or more one-year periods, did knowingly, intentionally and corruptly solicit and demand for the benefit of herself and another person, and accept and agree to accept, something of value from one or more persons, to wit: the labor of one or more students to whom

2

she awarded, promised to award, agreed to award and continued to award scholarships to attend St. John's, intending to be influenced and rewarded in connection with business and a series of transactions of St. John's involving things of value of $5,000 or more.

(Title 18, United States Code, Sections 666(a)(1)(B) and 3551 et seq.)

## COUNT TWO
(Forced Labor)

2. In or about and between September 2007 and September 2010, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant CECILIA CHANG, together with others, did knowingly and intentionally obtain the labor and services of one or more persons, to wit: personal labor and services provided by foreign St. John's students to whom CHANG had awarded, and who continued to receive, St. John's scholarships (the "students"), by means, and a combination of means, of (a) threats of serious harm to the students and other persons, and (b) a scheme, plan and pattern intended to cause the students to believe that, if they did not perform such labor and services, they and other persons would suffer serious harm, including psychological, financial and

3

reputational harm resulting from the loss of the students' scholarships and their visas.

(Title 18, United States Code, Sections 1589(a), 1589(d), 2 and 3551 et seq.)

## COUNTS THREE THROUGH FIVE
(Fraud and False Statements in Tax Returns)

3. On or about the dates set forth below, within the Eastern District of New York and elsewhere, the defendant CECILIA CHANG, a resident of Queens, New York, together with others, did knowingly and willfully make and subscribe U.S. Individual Income Tax Returns, Forms 1040, for the tax years set forth below, each of which was verified by a written declaration that it was made under the penalties of perjury and which was filed with the Internal Revenue Service, which returns the defendant did not believe to be true and correct as to every material matter, in that said returns reported as taxable income the amounts set forth below, when, as the defendant CECILIA CHANG well knew and believed, the taxable income was in excess of that reported:

| Count | Tax Year Ending | Income Reported |
|---|---|---|
| THREE | December 31, 2007 | $73,129 |
| FOUR | December 31, 2008 | $74,367 |
| FIVE | December 31, 2009 | $59,731 |

(Title 26, United States Code, Section 7206(1); Title 18, United States Code, Sections 2 and 3551 et seq.)

## COUNT SIX
(Fraud and False Statements to the IRS)

4. On or about March 31, 2009, within the Eastern District of New York and elsewhere, the defendant CECILIA CHANG, a resident of Queens, New York, did knowingly and willfully make and subscribe a document, to wit: a letter providing supplemental information in support of an Application for Recognition of Exemption Under Section 501(c)(3) of the Internal Revenue Code, Form 1023, which was verified by a written declaration that it was made under the penalties of perjury and which was filed with the Internal Revenue Service, which letter the defendant did not believe to be true and correct as to every material matter, in that said letter stated that the Global Development Initiative Foundation ("GDIF") was a part of the St. John's University international student recruitment effort, when, as the defendant CECILIA CHANG well knew and believed, GDIF was not a part of, and had not been authorized to act as a part of, the St. John's University international student recruitment effort.

(Title 26, United States Code, Section 7206(1); Title 18, United States Code, Sections 3551 et seq.)

## COUNT SEVEN
(Fraud and False Statements to the IRS)

5. On or about May 20, 2009, within the Eastern District of New York and elsewhere, the defendant CECILIA CHANG, a resident of Queens, New York, together with others, did

5

knowingly and willfully make and subscribe a document, to wit: a letter providing supplemental information in support of an Application for Recognition of Exemption Under Section 501(c)(3) of the Internal Revenue Code, Form 1023, which was verified by a written declaration that it was made under the penalties of perjury and which was filed with the Internal Revenue Service, which letter the defendant did not believe to be true and correct as to every material matter, in that in said letter the defendant stated that (a) photographs provided with the letter (the "Photographs") depicted GDIF offices affiliated with St. John's, (b) 100% of the time and funds of GDIF were devoted to either assisting students from Asian countries applying to and attending universities in the United States or organizing and providing lectures concerning different cultures, and (c) as of January 2009, GDIF had paid approximately $84,000 in salary and fees for experts, scholars and lectures and $101,000 in furniture and rent expenses, when, as the defendant CECILIA CHANG well knew and believed, (a) the Photographs did not depict GDIF offices affiliated with St. John's, (b) 100% of the time and funds of GDIF were not devoted to the identified activities, and (c) as of January 2009, GDIF had not paid approximately $84,000 in salary

6

and fees for experts, scholars and lectures and $101,000 in furniture and rent expenses.

(Title 26, United States Code, Section 7206(1); Title 18, United States Code, Sections 2 and 3551 et seq.)

## COUNT EIGHT
(Fraud and False Statements to the IRS)

6. On or about November 18, 2009, within the Eastern District of New York and elsewhere, the defendant CECILIA CHANG, a resident of Queens, New York, did knowingly and willfully make and subscribe a U.S. Return of Organization Exempt From Income Tax, Form 990-EZ, for the tax year 2008, which was verified by a written declaration that it was made under the penalties of perjury and which was filed with the Internal Revenue Service, which return the defendant did not believe to be true and correct as to every material matter, in that said return reported that (a) GDIF had paid $183,450 in professional fees and payments to professional contractors in 2008, and (b) the defendant CECILIA CHANG received no compensation as GDIF's president in 2008, when, as the defendant CECILIA CHANG well knew and believed, (a) GDIF had not paid $183,450 in professional fees and payments to

7

professional contractors in 2008, and (b) the defendant CECILIA CHANG had received compensation as president of GDIF in 2008.

(Title 26, United States Code, Section 7206(1); Title 18, United States Code, Sections 3551 et seq.)

COUNT NINE
(Attempts to Interfere with the Due
Administration of the Internal Revenue Laws)

7. In or about and between September 2007 and September 2010, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant CECILIA CHANG, together with others, did knowingly, intentionally and corruptly obstruct and impede, and endeavor to obstruct and impede, the due administration of the Internal Revenue laws, by providing false and misleading information to the IRS, including (a) filing U.S. Individual Income Tax Returns, Forms 1040, for the tax years 2007, 2008 and 2009, in which she failed to report taxable income, (b) submitting false information to the IRS in support of her application to obtain tax exempt status for GDIF as an allegedly non-profit organization, and (c) filing a false Return for Organization Exempt From Income Tax, Form 990-EZ, in

which she concealed payments to herself and others as payments to independent contractors performing tax exempt work for GDIF.

(Title 26, United States Code, Section 7212(a); Title 18, United States Code, Sections 2 and 3551 et seq.)

## CRIMINAL FORFEITURE ALLEGATION
(Count One)

8. The United States hereby gives notice to the defendant that, upon her conviction of Count One, the government will seek forfeiture in accordance with Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), which require any person convicted of such offense to forfeit any property constituting or derived from proceeds obtained directly or indirectly as a result of such offenses, including but not limited to a sum of money equal to one million dollars in United States currency ($1,000,000).

9. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

9

(e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 28, United States Code, Section 2461(c); Title 18, United States Code, Section 981(a)(1)(C); Title 21, United States Code, Section 853(p))

## CRIMINAL FORFEITURE ALLEGATION
### (Count Two)

10. The United States hereby gives notice to the defendant that, upon her conviction of Count Two, the government will seek forfeiture (a) in accordance with Title 18, United States Code, Sections 981(a)(1)(C) and 1594(d)(2), and Title 28, United States Code, Section 2461(c), which require any person convicted of such offense to forfeit any property constituting or derived from proceeds obtained directly or indirectly as a result of such offense, and (b) in accordance with Title 18, United States Code, Section 1594(d)(1), which requires any person convicted of such offense to forfeit any property, real or personal, that was used or intended to be used to commit or to facilitate the commission of such violation, including, but not

10

limited to, a sum of money equal to at least approximately $1,000,000 in United States currency.

  11. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    (a) cannot be located upon the exercise of due diligence;

    (b) has been transferred or sold to, or deposited with, a third party;

    (c) has been placed beyond the jurisdiction of the court;

    (d) has been substantially diminished in value; or

    (e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), to seek forfeiture of any

11

other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 28, United States Code, Section 2461(c); Title 18, United States Code, Sections 981(a)(1)(C), 1594(d)(1) and 1594(d)(2); Title 21, United States Code, Section 853(p))

A TRUE BILL

_____
FOREPERSON

_____
LORETTA E. LYNCH
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

# UNITED STATES DISTRICT COURT

__EASTERN____ District of __NEW_YORK_____

CRIMINAL _____ Division

## THE UNITED STATES OF AMERICA

vs.

Ceeelia Chang    CR 11-67 (SJ)(S-1)

Defendant.

## INDICTMENT

A true bill

_____
                                                            Foreman

Filed in open court this _____ day,

of _____ A.D. 19 _____

_____
                                                            Clerk

Bail, $ _____