

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

CKC
F.#2008R01875

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

July 31, 2012

<u>The Government's Supplemental Bill of Particulars</u>

Re:   United States v. Cecilia Chang
      <u>Criminal Docket No. 11-067 (S-2)(SJ)(SMG)</u>

The government hereby supplements its previously filed bill of particulars with respect to Count Nine of the Second Superseding Indictment ("S-2"), by providing additional specifics about the manner in which the defendant carried out the corrupt scheme charged in Count Nine, a scheme in which the defendant endeavored to avoid the payment of income taxes owed by the defendant and her corporation, Global Development Initiative Foundation ("GDIF"), and to render it difficult for the IRS to identify, analyze and compute the taxes owed by the defendant and GDIF.

Count Nine states:

<u>COUNT NINE</u>
(Attempts to Interfere with the Due
Administration of the Internal Revenue Laws)

In or about and between September 2007 and September 2010, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant CECILIA CHANG, together with others, did knowingly, intentionally and corruptly obstruct and impede, and endeavor to obstruct and impede, the due administration of the Internal Revenue laws, by providing false and misleading information to the IRS, including (a) filing U.S. Individual Income Tax Returns, Forms 1040, for the tax years 2007, 2008 and 2009, in which she failed to report taxable income, (b) submitting false information to the IRS in support of her application to obtain tax exempt status for GDIF as an allegedly non-profit organization, and (c) filing a false Return for Organization Exempt From Income Tax, Form 990-EZ, in which she concealed payments to herself and others as payments to independent contractors performing tax exempt work for GDIF.

(Title 26, United States Code, Section 7212(a); Title 18, United States Code, Sections 2 and 3551 <u>et</u> <u>seq</u>.)

A.   The Defendant Failed to Report Taxable Income

In subpart (a), the defendant is charged with filing U.S. Individual Income Tax Returns, Forms 1040, for the tax years 2007, 2008 and 2009, in which she failed to report taxable income. The government alleges that the defendant concealed from the IRS that she had taxable income from the following sources:

1.   The defendant failed to report the illegal income she fraudulently derived from St. John's University ("SJU"), namely the illegal income she obtained by providing false information and fictitious documents to SJU in order to obtain from SJU "reimbursement" for her alleged business related expenses;

2.   The defendant failed to report interest and dividend income she received from foreign bank accounts and accounts she held in the names of her nominees;

3.   The defendant failed, as required by law, to report to the IRS or to the Department of the Treasury (on the Form 1040 or in any other way) that during each of those calendar years she had an interest in or signature authority or other authority over financial accounts in foreign countries and that, at some point during each of those years, the aggregate value of the foreign accounts exceeded $10,000; and

4.   The defendant failed to report to the IRS on the Forms 1040 or in any other way, concealed from the IRS and misled the IRS into not learning that she controlled and beneficially owned financial accounts that were opened in the names of her nominees.

B.   The Defendant Submitted False Information in Support of GDIF's Application for Tax Exempt Status

In subpart (b), the defendant is charged with submitting false information to the IRS in support of her application to obtain tax exempt status for GDIF as an allegedly non-profit organization (the "Application"). The government alleges that the false statements included the following:

1.   The defendant stated on the Application that GDIF's purposes were tax exempt, namely, charitable, religious, educational and scientific, when GDIF's purposes were not, in fact, tax exempt.

2

2. The defendant stated on the Application that GDIF's total revenue from gifts, grants, and contributions from August 1, 2008 to August 31, 2008 (the "Grant Income") was $249,980, when GDIF's Grant Income was, in fact, taxable income because it was income the defendant earned as a result of defrauding SJU and a charitable foundation (the "Foundation") of a foreign Prince (the "Prince"). The government alleges that the defendant defrauded the Grant Income from the Foundation and the Prince in the following manner:

(a) the defendant solicited the Foundation and the Prince to donate money to SJU;

(b) the Prince and the Foundation agreed to donate the Grant Income solely for use by SJU for the limited purposes of providing certain language courses and lectures on the SJU campus;

(c) the defendant intended to conceal and did conceal from SJU that GDIF had received the Grant Income for SJU's use or, for that matter, that GDIF had received any money for SJU's use from the Foundation or the Prince;

(d) the defendant intended to conceal and did conceal from the Foundation and the Prince that GDIF had no affiliation with SJU, but she instructed the Foundation and the Prince to send to GDIF the Grant Income that they intended to donate to SJU; and

(e) the defendant intended to conceal and did conceal from the IRS, the Foundation, the Prince and SJU that she did not intend to use, and did not use, the Grant Income for the purposes of providing the language courses and lectures on the SJU campus, the sole purposes for which the Foundation and the Prince had limited the spending of the Grant Income.

3. As a part of the defendant's scheme to conceal from the IRS and mislead the IRS into not learning that GDIF's purposes were not tax exempt, as late as the summer of 2010, at which time GDIF still possessed the tax exempt status that the IRS had granted to GDIF based on the Application, the defendant failed to inform the IRS and concealed from the IRS that she and GDIF were then planning and intending to receive non-tax exempt income by defrauding persons in foreign countries and Temple University, in that the defendant falsely stated to these foreign persons that (a) she was a representative or employee of Temple University, when she was not, (b) that Temple was considering granting the person an honorary degree, when it was not, and (c)

that the person could obtain an honorary degree from Temple if he made a donation to Temple by sending the money to GDIF.

       4.   The defendant submitted the following fraudulent statements to the IRS in support of GDIF's Application:

       (a) photographs that purported to represent SJU-affiliated GDIF offices in foreign countries ("GDIF Offices") when the GDIF offices were not, in fact, affiliated with SJU;

       (b) photographs that purported to represent SJU officials who worked at the GDIF Offices when those persons were not, in fact, SJU officials;

       (c) the statement that one hundred percent of the time and funds of GDIF were devoted to assisting students from Asian countries to apply to and attend universities in the United States or organizing and providing lectures concerning different cultures, when one hundred percent of the time and funds of GDIF were not, in fact, devoted to those purposes; and

       (d) the statement that as of January 2009, GDIF had paid approximately $84,000 in salary and fees for experts, scholars and lectures and $101,000 in furniture and rent, when as of January 2009, GDIF had not, in fact, paid such funds for such purposes.

C.   <u>The Defendant Filed False Form 990-EZ On Behalf of GDIF</u>

       In subpart (c), the defendant is charged with submitting on behalf of GDIF a Form 990-EZ (a tax return for a tax-exempt organization), that was false in that she concealed payments to herself and others as payments to independent contractors performing tax exempt work for GDIF.  The government alleges that the defendant submitted the following false information:

       1.   The defendant stated that GDIF's total revenues, gifts, grants, contributions and similar amounts received consisted of $250,000, but she concealed from the IRS and misled the IRS into not learning that all of this income was, in fact, taxable and consisted of money that she defrauded from the Foundation, the Prince and SJU;

       2.   The defendant stated that GDIF paid $183,450 in professional fees and payments to professional contractors in 2008, when it had not, in fact, done so; and

4

3. The defendant stated that she had received no compensation as GDIF's president in 2008, when, in fact, she had.

The government has previously produced to the defendant discovery relating to each of the above matters.

Pursuant to Federal Rule of Criminal Procedure 7(f), the government reserves the right to amend this bill of particulars in the interests of justice.

                              Respectfully submitted,

                              LORETTA E. LYNCH
                              United States Attorney

By:    ss/
       Charles S. Kleinberg
       Lan Nguyen
       Assistant U.S. Attorneys
       (718) 254-6012
       (718) 254-6162