UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
UNITED STATES OF AMERICA,

-against-

CECELIA CHANG,

            Defendant.
----------------------------------X

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ OCT 10 2012 ★
BROOKLYN OFFICE

**MEMORANDUM AND ORDER**

11-CR-67 (SJ) (SMG)

**APPEARANCES**

LORETTA LYNCH
United States Attorney
271 Cadman Plaza East
Brooklyn, NY 11201
By:   Charles Kleinberg
       Lan Nguyen
*Attorney for the Government*

JOEL S. COHEN, P.C.
225 Broadway
Suite 1203
New York, NY 10007
By:   Joel S. Cohen
*Attorney for the Defendant*

1

JOHNSON, Senior District Judge:

The Defendant Cecelia Chang ("Defendant") is charged on a 10-count second superseding indictment for, inter alia, solicitation of bribes, forced labor and fraud and false statements in tax returns. Trial is set to commence on October 9, 2012. The government intends to call as a witness in its direct case, Joseph Oliva ("Mr. Oliva"), the General Counsel of St. John's University ("SJU"). The government has provided defense counsel an annexed affirmation (the "Affirmation") filed by an attorney for plaintiffs in an age discrimination lawsuit against SJU. The Affirmation accuses Oliva of fabricating evidence in the internal investigation of the plaintiffs that led to their termination by SJU. The government moves this Court to preclude the defendant from using the Affirmation in cross-examining Mr. Oliva.

Mr. Oliva has denied the accusations against him, and has indicated that he would deny such accusations again, if called as a witness. Rule 403 of the Federal Rules of Evidence provides:

> The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issue, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

The Second Circuit affirmed this balancing test in United States v. Crowley, 318 F. 3d 401 (2003).[1]

---

[1] The Second Circuit affirmed the district court's decision to exclude evidence that a victim in a sexual assault case had previously been accused of making false rape allegations. See Crowley, 318 F. 3d. at 418.

2

To inquire of Mr. Oliva as to whether he engaged in alleged misconduct, knowing that he would provide negative responses, would be highly prejudicial, while offering little probative value. The Court will, therefore, not permit inquiry by Defendants into the accusations raised against Mr. Oliva in the Affirmation, nor admit any extrinsic evidence with respect to the accusations. The Government's motion is GRANTED.

SO ORDERED.

Dated: Brooklyn, New York             /s/(SJ)

October 5, 2012                       Sterling Johnson, Jr., U.S.D.J.

3